UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVARES,

    Plaintiff,

v.

MICHIGAN WORKER'S COMPENSATION AGENCY, ET AL.,

    Defendants.

Case No. 18-12343

SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE ELIZABETH A. STAFFORD

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND SUA SPONTE DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

*Pro se* Plaintiff Joseph F. Olivares filed a Complaint [Dkt. #1] and Application to Proceed without prepaying fees or costs [2] on July 26, 2018. Plaintiff alleges that Defendants – the Michigan Worker's Compensation Agency ("MWCA"), the Michigan Compensation Appellate Commission ("MCAC"), Jack Wheatley, Kevin L. Weise, Gary Goolsby, and William Houserfield – violated his constitutional rights under 42 U.S.C. § 1983. He seeks damages in the amount of $1.4 million.

The court may authorize the commencement of a suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [indicating] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Plaintiff's affidavit indicates that he has a pension of $1,097.00 with the Veterans Administration. He has limited assets totaling less than $2,000.00 in his checking and savings accounts. Because Plaintiff has shown sufficient indicia of poverty, the Court will grant Plaintiff's Application to Proceed without prepaying fees or costs [2].

Although the Court is obligated to read *pro se* complaints indulgently and accept Plaintiff's allegations as true unless they are clearly irrational or incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Court is also required to dismiss a complaint filed *in forma pauperis* "if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual

> has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore*, 114 F.3d at 608.

An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts must dismiss a complaint when the factual contentions [on which it relies] are clearly baseless." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

Although the complaint itself is difficult to understand, the documents attached to the complaint provide much needed clarity. Plaintiff's claims arise from an injury he sustained when he worked as an abatement worker for Performance Abatement Services, Inc., an asbestos-removal company. On May 5, 1998, while cleaning an area where asbestos was located, Plaintiff fell off a ladder and landed with his back on a rail. He had surgery on his left shoulder on June 22, 1998. (Dkt. 1 at Pg. ID 13-14).

On July 14, 1998, Plaintiff returned to work with a one-handed restriction. After working for two weeks, Plaintiff stopped reporting to his job.

On December 13, 2000, Magistrate L'Mell M. Smith of the Bureau of Workers' Disability Compensation determined that Plaintiff was entitled to

workers compensation benefits from May 5, 1998 until August 1, 1998, "when he voluntarily refused to continue to perform favored work." *Id.* at Pg. ID 19. The Magistrate "also awarded medical benefits in the form of rotator cuff surgery and follow up treatment." *Id.* at Pg. ID 21 (internal quotations omitted).

Plaintiff filed another application on September 1, 2004. Trial took place before Magistrate Christopher Ambrose on April 27, 2005 and June 7, 2005. Magistrate Ambrose concluded that Plaintiff's work related disability ended on May 20, 2005 "and any subsequent limitations were due to age-related degenerative changes in the shoulder." *Id.* at Pg. ID 28.

After Magistrate Ambrose's decision was upheld on appeal, Plaintiff continued filing applications, appeals, and motions, including an Application for Mediation or Hearing with the MCAC on December 7, 2017. In its July 19, 2018 decision, the MCAC stated, "[n]o matter how one slices plaintiff's presentation, his complaint is an attempt to re-litigate the 1998 date of injury which has been fully litigated and as the magistrate determined is res judicata." *Id.* at Pg. ID 30. The MCAC imposed a $4,000.00 penalty on Plaintiff.

"Generally, for collateral estoppel to apply, three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a

full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 683-84 (2004).

"[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986). Collateral estoppel applies if 1) the agency was acting in a judicial capacity, 2) the decision would have preclusive effect under state law, and 3) the federal action seeks to litigate issues already determined by the state agency. *See Nelson v. Jefferson Cty., Ky.*, 863 F.2d 18, 19 (6th Cir. 1988); *Smith v. City of Inkster*, 644 Fed. Appx. 602, 610-11 (6th Cir. 2016).

Plaintiff disputes the Magistrates' determinations of his date of injury and the denial of additional workers compensation benefits. These are the exact issues that he has previously challenged, and collateral estoppel precludes re-litigating the facts found by the MWCA and the MCAC. This is yet another improper attempt by Plaintiff to circumvent the Magistrates' valid and final decisions. Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed without prepaying fees or costs [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                                  s/Arthur J. Tarnow

Dated: August 29, 2018          Arthur J. Tarnow
                                       Senior United States District Judge